Duncan, J.
The complainant is in the custody of the sheriff of this county, under warrant of the governor of Ohio commanding him to arrest said Polly and bring him forthwith before this court for direction as to whether he shall deliver him to one Geo. A. McArthur, as agent of the territory of Oklahoma, for extradition to that territory under requisition of its governor.
The complainant says that said warrant was signed in blank by the governor and issued by his executive clerk during his absence from the state. The fact that said warrant w.as signed by the governor, the presumption is in favor of the regularity of its issue, and that he signed it after it was prepared. Evidence which the court held to be incompetent for the purpose tended to show that said warrant was signed by the governor in blank and directed to be issued by him in person—over the lopg distance telephooe—from N«w York eity, a§ the result of *266 a conference had with him by his executive clerk for that purpose. It will hardly be claimed that the warrant would not be good, though signed in blank, if the governor were present in his office and had then and there directed the same to issue. What difference could- it make if that direction was given by the same voice to the same person in the governor’s office carried over a wire one or a thousand miles long?
Was authority given for its issue, would seem to me to be the test, and that has been satisfied- by the evidence in this case, even though I would consider all the evidence offered by complainant upon this issue.
It is also said that said warrant was improperly issued because the requisition of the governor of Oklahoma was not accompanied by affidavit or affidavits of the facts constituting the offense charged by some person having knowledge thereof, and Section 95 of the Revised Statutes of Ohio, is cited as providing for this requirement.
In answer to this it may be said that matters of extradition are between the states; are secured by the Constitution of the United States and are provided for by the federal statutes. Article IY, Section 2, Par. 2 -of the Constitution -of the United States reads as follows:
“A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state -having jurisdiction of the crime. ’ ’
. The provisions made by Congress for the prosecution of this right and the exercise of this power is found in Section 5728, Revised Statutes of the United States, which reads as follows:
“Whenever the executive authority of any state or territory demands any person as a fugitive from justice of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with- having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so *267 charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled, to cause him to be arrested and-secured, and to- cause notice of the arrest to-be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing and transmitting such fugitive to the state or territory making such demand, shall be paid- by such state or territory.”
This is a statute of the general government, and, when strictly followed, should control. It would not do to hold, as contended by counsel, that the least variance from a state statute, after jurisdiction has attached under the federal law, that the prisoner should be discharged at all hazards. If Section 95, Revised Statutes of Ohio—the whole of it—applies to this case, substantial compliance with it is all that is required. To hold otherwise, would make the extradition laws- of Ohio of impractical operation. Each state has made its -own requisition laws, laying down conditions under which requisition may be made upon governors of other states, as 'the federal-statute makes no provision in that behalf. The federal statute makes provision for extradition, but not for requisition.
Now, upon the question -of the affidavit. In the case in 3 N. P.—N. S. (Thomas v. Evans), and also in one in 63 Fed. Rep., 249 (Ex parte Hart), the affidavits were sworn to according to belief only—“as he verily believes.” Both these courts hold that this was not sufficient, apd that was all there was in either of those cases, and was all that was really decided, and this was decided right. In the case at bar, the affidavit was made stating' the facts positively constituting the offense, and Avhile it is not-stated that affiant had personal knowledge of the facts, the absolute statement which he makes would seem to so indicate, and especially s-o as the affiant is the injured party and would probably know. Because the offense is charged absolutely, I.think the affidavit strictly satisfies the provisions of this Section 5278, of the federal statute in this behalf, as well as *268 substantially complies with the provisions of said Section 95 of the Revised Statutes of Ohio.
Franks & Frmiks and McConica & Dwiggins, for complainant.
Phelps & David, for respondent.
But whatever may be said of the want of strict compliance with said Section 95, it is certain that said section only provides regulations for the direction of the governor, does not confer or limit jurisdiction, and is in no sense mandatory. Said Section 5278 of the federal statutes confers the jurisdiction and sets out the circumstances and conditions under which it may be exercised, and when the condition® of this section are satisfied, jurisdiction has attached, and it is then up to the governor to say whether or not he will issue the warrant while some state regulation has not been fulfilled to-the letter.
The other objection, to-wit, that the affidavit charging the complainant here with the crime of grand larceny was not authenticated by the governor of the territory of Oklahoma would be good if true, and would compel me to discharge the alleged fugitive under the writ. But the executive clerk of the governor of Ohio has not only certified that this certificate of the governor of Oklahoma was filed with the governor of Ohio, upon -the making of said requisition, but the last mail from the capital has brought from the governor’s office a certified copy of such certificate.
All the contentions urged for the discharge of the complainant having been disposed of, and holding the views which I have expressed, it follows that the writ must be denied and the petition dismissed.
Note.—Judges Vollrath and Hurin, of the third circuit, sitting at chambers, refused to stay proceedings upon this record.